IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE SPRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 04-CV-633-WDS |
| ) | |
| HOULIHAN'S RESTAURANTS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion to remand. The defendant removed this action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois pursuant to 18 U.S.C. §1332, alleging that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. The plaintiff seeks remand on the grounds that the amount in controversy does not exceed $75,000.

Plaintiff's complaint alleges that he was employed by Houlihan's restaurant in Fairview Heights, Illinois, and was injured when he slipped and fell at work. He alleges that he filed for worker's compensation benefits, and thereafter was fired. Count I seeks recovery for retaliatory discharge and seeks compensatory damages. Count II seeks recovery for retaliatory discharge and seeks punitive damages. In the prayer for relief, plaintiff alleges that he seeks in excess of $50,000 in Count I and unspecified punitive damages in Count II, for, inter alia emotional distress and lost insurance coverage and other benefits.

## DISCUSSION

When a defendant removes a case from state to federal court, the defendant must demonstrate to a "reasonable probability" that subject-matter jurisdiction exists. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97(1921)). To determine whether the amount in controversy has been established, the Court may look to all of plaintiff's claims because the $75,000 jurisdictional amount can be met by

aggregating both claims *see Snyder v. Harris*, 394 U.S. 332, 335 (1969), and must look to state law to determine whether this statutory threshold has been met. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961).

Under Illinois law, a valid retaliatory discharge claim requires a showing that: (1) an employee has been discharged; (2) in retaliation for the employee's activities; and (3) this discharge violated a clear mandate of public policy. *See Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 728 (1992). To succeed on a retaliatory discharge claim based on filing workers' compensation plaintiff must show that he: (1) was the defendant's employee before his injury; (2) exercised a right granted by the Workers' Compensation Act; and (3) was discharged from his employment as a result of filing that workers' compensation claim. *See Kritzen v. Flender Corp.*, 589 N.E.2d 909, 915 (Ill. App. Ct. 1992). "The element of causation is not met if the employer has a valid basis, which is not pretextual, for discharging the employee." *Hartlein*, 601 N.E.2d at 728.

With respect to whether plaintiff's request for punitive damages raises the amount to the jurisdictional minimum, first the court must determine if punitive damages are recoverable in Illinois law for retaliation claims. Once it is determined that they are available, then subject matter jurisdiction exists unless it is clear that the plaintiff *under no circumstances* would be entitled to recover an amount sufficient to satisfy the jurisdictional amount. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir.2000) (emphasis added). Illinois law provides for the recovery of punitive damages in a retaliation claim. *See Kelsay v. Motorola, Inc.* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353, 360-61 (Ill. 1978) (holding that an employer who discharges an employee at will in retaliation for filing a worker's compensation claim has committed a tort under Illinois law and plaintiff can seek both compensatory and punitive damages).

Therefore, the Court finds that the removal in this action was proper and that defendant has satisfied the amount in controversy required for this Court to exercise its diversity jurisdiction pursuant to 28 U.S.C. §1332. Accordingly, plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

DATED: June 8, 2005

s/ WILLIAM D. STIEHL<br>DISTRICT JUDGE